# STATE OF MICHIGAN

# COURT OF APPEALS

In re E WILSON, Minor.

UNPUBLISHED
October 10, 2016

No. 332866
Kent Circuit Court
Family Division
LC No. 14-054181-NA

Before: SAWYER, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Respondent appeals as of right the circuit court's order terminating her parental rights to the minor child pursuant to MCL 712A.19b(3)(c)(*i*) and (g). We affirm.[1]

On appeal, plaintiff argues that the circuit court's determination that the termination of her parental rights was in the child's best interests was erroneous because the Department of Health and Human Services (DHHS) failed to provide adequate services. Because respondent did not object to the adequacy of the services provided until her closing argument at the termination hearing, she is deemed to have waived this argument. See *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012). Nevertheless, even in addressing the merits of her claim, we find no errors warranting relief.

A circuit court's determination that the termination of a parent's parental rights is in the child's best interests is reviewed for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). A finding is clearly erroneous if this Court is left with a definite and firm conviction that a mistake was made. *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). It is undisputed that DHHS is required to make reasonable efforts to rectify the conditions that caused the child's removal. *In re Fried*, 266 Mich App 535, 542; 702 NW2d 192 (2005). However, it is equally undisputed that "there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App at 248. In doing so, respondents must participate in services and benefit from that participation. *In re TK*, 306 Mich App 698, 711; 859 NW2d 208 (2014).

---

[1] The parental rights of the child's father were voluntarily terminated are not at issue in this appeal.

In this case, DHHS made the following efforts to rectify the conditions that caused the child's removal: DHHS provided counseling for respondent through Arbor Circle; DHHS referred respondent to an outpatient treatment program, which led to referrals to intensive outpatient treatment and the Seeking Safety program; DHHS arranged drug screening; DHHS referred respondent to NA and AA meetings; and respondent's probation officer arranged placement for respondent in a halfway house. On appeal, respondent's claim focuses on DHHS's alleged failure to provide her with access to an inpatient treatment program. However, according to a foster care case worker, respondent was required to participate in the outpatient treatment program *before* she could be referred to the inpatient treatment program. Respondent was referred to an outpatient treatment program four times. She did not complete the program on each occassion. Thus, it was her failure to do so, not DHHS's lack of reasonable effort, that resulted in her inability to participate in inpatient treatment. *In re Frey*, 297 Mich App at 248; *In re TK*, 306 Mich App at 711. Indeed, respondent's participation in the other services that were provided was poor as well.[2] We therefore conclude that DHHS made reasonable efforts toward rectifying the conditions that led to the child's removal.

Furthermore, we agree with the circuit court's determination that the termination of respondent's parental rights was in the child's best interests. The record reflects that respondent had a lengthy history of substance abuse, which was evidenced by the fact that the child at issue in this case and two of her other children were born drug-positive. Her failure to address her substance abuse is also supported by the fact that she was incarcerated at the time of the termination hearing after she failed to abide by conditions imposed by the drug court.[3] Respondent's substance-abuse issues, coupled with her lack of stable housing and emotional instability, made it unlikely that she would be able to provide proper care and custody for the child in the future. This is especially true in light of her failure to adequately participate in or benefit from services throughout the 16 months that this case was pending. We therefore conclude that the trial court's best-interests determination was not clearly erroneous.

Affirmed.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Colleen A. O'Brien

---

[2] Respondent continued testing positive for illegal substances during this case, did not address her emotional stability, did not have stable housing or verified employment, only attended 42 out of 78 parenting-time visits, and was incarcerated at the time of the termination hearing.

[3] A foster care worker testified that respondent was required to complete random drug testing on a weekly basis as part of her probation. According to the foster care worker, respondent "stated . . . that if she test[s] positive at any time, she'd have to spend a weekend in jail," but the foster care worker was unable to confirm the accuracy of this statement. The record reflects that respondent missed several drug tests, tested positive on several occasions, and was incarcerated multiple times as a result of these failed tests.